## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHRIS NORMAN,                                )
                                             )
    Plaintiff,                           )          Civil Action File No.
vs.                                          )          1:10-cv-03766-HTW-GCB
                                             )
RJM ACQUISITIONS, LLC,                       )
                                             )
    Defendant.                           )
_____)

## DEFENDANT'S ANSWER

COMES NOW, RJM Acquisitions LLC, misidentified in the Complaint as "RJM Acquisitions, LLC", Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures

1

reasonably adapted to avoid any such error.  Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against this Defendant.

## FOURTH DEFENSE

This Court lacks personal jurisdiction over the Defendant.

## FIFTH DEFENSE

Venue is improper.

## SIXTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

## SEVENTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

## INTRODUCTION

1.  Defendant admits that Plaintiff attempts to assert claims under the FDCPA.

    Defendant denies it violated the FDCPA.

## JURISDICTION AND VENUE

2.  Defendant admits this Court has subject matter jurisdiction over the claims.

3.  Defendant denies the venue is proper.

## PARTIES

4.  Defendant admits that Plaintiff is a natural person.  Defendant lacks knowledge

    or information sufficient to form a belief as to the remaining allegations

    contained in Paragraph 4 of the Plaintiff's Complaint.

5.  Defendant admits its principal place of business is in Syosset, New York.

    Defendant admits it was served at its Syosset address.  Defendant admits in

    certain circumstances it may be considered a "debt collector" under the

    FDCPA.  Defendant lacks knowledge or information sufficient to form a belief

    as to any remaining allegations contained in Paragraph 5 of the Plaintiff's

    Complaint.

6.  Defendant admits it uses the mail and telephone to collect unpaid accounts due

    to another.

7.  Defendant lacks knowledge or information sufficient to form a belief as to the

    allegations contained in Paragraph 7 of the Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

8.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant admits sending a letter to Plaintiff on or about November 3, 2010 in an attempt to collect an unpaid account.

14. Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

## CAUSE OF ACTION

22. Defendant incorporates by reference the above Paragraphs of this Answer as if fully stated therein.

23. Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be

denied; that all costs be taxed to Plaintiff; and for such other and further relief as

the Court deems just and proper.

Respectfully submitted this 17th day of December, 2010.

**BEDARD LAW GROUP, P.C.**

/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
Michael K. Chapman
Georgia Bar No. 322145

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871, ext. 244
Facsimile: (678) 253-1873
jbedard@bedardlawgroup.com
mchapman@bedardlawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHRIS NORMAN,                          )
                                       )
     Plaintiff,                       )          Civil Action File No.
vs.                                    )          1:10-cv-03766-HTW-GCB
                                       )
RJM ACQUISITIONS, LLC,                 )
                                       )
     Defendant.                       )
_____)

## CERTIFICATE OF SERVICE

     I hereby certify that on this date I electronically filed Defendant RJM Acquisitions LLC's Answer with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

     John C. Forbes
     attorneyforbes@msn.com

     Respectfully submitted this 17th day of December, 2010.

                          **BEDARD LAW GROUP, P.C.**

                          /s/ John H. Bedard, Jr.
                          John H. Bedard, Jr.
                          Georgia Bar No. 043473
                          Michael K. Chapman
                          Georgia Bar No. 322145